ORIGINAL

D×F
C|M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT

-against-

MEMORANDUM & ORDER
Case No. 02-CR-999 (FB)

WILLIAM J. AVILEZ,

P.M.
TIME A.M.

Defendant.
-------------------------------------------------------x

*Appearances:*
*For the Government:*
ROSLYNN R. MAUSKOPF
United States Attorney for the
Eastern District of New York
by:    MAX MINZNER, ESQ.
         Assistant United States Attorney
One Pierrepoint Plaza
Brooklyn, NY 11201

*For the Defendant:*
PETER TILL, ESQ.
105 Morris Ave., Suite 201
Springfield, NJ 07081

**BLOCK, District Judge:**

On December 3, 2004, prior to *United States v. Booker*, 125 S. Ct. 738 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), the Circuit Court remanded the sentencing of William J. Avilez ("Avilez"); it directed the District Court on remand "to clarify the basis for the departure" in an amended written judgment since there appeared to be a discrepancy as to the basis for the departure between the sentence rendered in open court and the Statement of Reasons that accompanied the written judgment. *See United States v. Avilez*, 116 Fed. Appx. 323, 2004 WL 2757123 (2d Cir. Dec. 3, 2004).

In light of *Booker* and *Crosby*, the District Court's sentence would now have to be evaluated for reasonableness because the case is still pending on direct appeal. *See Guzman v. United States*, 404 F.3d 138, 140 (2005) (holding that *Booker* does not retroactively apply to collateral cases, but that the Supreme Court in *Booker* "expressly made [its] holdings applicable to all cases pending on direct review."). Although on a limited remand the District Court should not generally exceed the scope of the mandate, in *United States v. Johnson*, the Second Circuit explained that "a district court may resentence beyond the scope of the mandate, or may resentence a defendant on a limited remand using fresh considerations, if it has cogent or compelling reasons, including the need to correct a clear error." 378 F.3d 230, 243 (2d Cir. 2004). It cannot be disputed that the Court committed "clear error" in sentencing Avilez under the mandatory sentencing guidelines regime; it, therefore, appears prudent to the Court to now permit parties an opportunity to bring to the Court's attention any "aggravating circumstances or . . . mitigating circumstances that existed at the time [of sentencing] but were not available for consideration under the mandatory Guidelines" so that the District Court may determine whether resentencing is warranted. *Crosby*, 397 F.3d at 118.

Within twenty days from the date of this Memorandum and Order, the parties should (1) inform the Court whether *Johnson* permits the Court to remedy the *Booker* error, (2) provide the Court any additional submissions that might assist it in determining whether resentencing is warranted, and (3) advise the Court if there is any

reason why the Court cannot make this determination based solely on the previous record and any additional submissions and thereby obviate having to call the parties into court.

Frederic Block
United States District Judge

Brooklyn, New York
June 8, 2005